MICHAEL FAILLACE & ASSOCIATES, P.C.
60 East 42nd Street, Suite 4510
New York, New York 10165
Telephone: (212) 317-1200
Facsimile: (212) 317-1620
*Attorneys for Plaintiff*

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**
------------------------------------------------------X
BERNABE ABELINO ESCALANTE LOPEZ,
*individually and on behalf of others similarly*
*situated,*

                              *Plaintiff*,

              -against-

BOONNAK TONE, INC.   (D/B/A   DER
KRUNG) and ORATHIP BOONNAK (A.K.A.
ORATHIP RANRONSONGKRAM),

                         *Defendants.*
------------------------------------------------------X

**COMPLAINT**

**COLLECTIVE ACTION UNDER**
**29 U.S.C. § 216(b)**

**ECF Case**

       Plaintiff Bernabe Abelino Escalante Lopez ("Plaintiff Escalante" or "Mr. Escalante"), individually and on behalf of others similarly situated, by and through his attorneys, Michael Faillace & Associates, P.C., upon his knowledge and belief, and as against Boonnak Tone, Inc. (d/b/a Der Krung), ("Defendant Corporation") and Orathip Boonnak (a.k.a. Orathip Ranronsongkram), ("Individual Defendant"), (collectively, "Defendants"), alleges as follows:

<u>**NATURE OF ACTION**</u>

       1.    Plaintiff Escalante is a former employee of Defendants Boonnak Tone, Inc. (d/b/a Der Krung) and Orathip Boonnak (a.k.a. Orathip Ranronsongkram).

       2.    Defendants own, operate, or control a Thai restaurant, located at 860 9th Avenue, New York, New York 10019 under the name "Der Krung".

3.      Upon information and belief, Individual Defendant Orathip Boonnak (a.k.a. Orathip Ranronsongkram), serves or served as owner, manager, principal, or agent of Defendant Corporation and, through this corporate entity, operates or operated the restaurant as a joint or unified enterprise.

4.      Plaintiff Escalante was an employee of Defendants.

5.      Plaintiff Escalante was employed as a dishwasher and a delivery worker at the restaurant located at 860 9th Avenue, New York, New York 10019.

6.       Plaintiff Escalante was ostensibly employed as a delivery worker. However,  he was required to spend a considerable part of his work day performing non-tipped duties, including but not limited to washing dishes, pans and pots, cutting vegetables and meat, making rice, cleaning the kitchen and tarps, sweeping and mopping the kitchen, cleaning the sidewalk, taking out trash for the restaurant every day, taking out trash for the entire building on Tuesdays, Wednesdays and Sundays, making delivery bags and putting food in plates, taking out trash from bathrooms, brings jugs of water to the tables (hereafter the "non-tipped duties").

7.      At all times relevant to this Complaint, Plaintiff Escalante worked for Defendants in excess of 40 hours per week, without appropriate minimum wage, overtime, and spread of hours compensation for the hours that he worked.

8.      Rather, Defendants failed to maintain accurate recordkeeping of the hours worked, failed to pay Plaintiff Escalante appropriately for any hours worked, either at the straight rate of pay or for any additional overtime premium.

9.      Further, Defendants failed to pay Plaintiff Escalante the required "spread of hours" pay for any day in which he had to work over 10 hours a day.

10.     Defendants employed and accounted for Plaintiff Escalante as a delivery worker in their payroll, but in actuality his duties required a significant amount of time spent performing the non-tipped duties alleged above.

11.     However, under both the FLSA and NYLL, Defendants were not entitled to take a tip credit because Plaintiff Escalante's non-tipped duties exceeded 20% of each workday, or 2 hours per day, whichever is less in each day.  12 N.Y. C.R.R. §146.

12.     Upon information and belief, Defendants employed the policy and practice of disguising Plaintiff Escalante's actual duties in payroll records by designating them as a dishwasher and a delivery worker instead of non-tipped employees. This allowed Defendants to avoid paying Plaintiff Escalante at the minimum wage rate and enabled them to pay them above the tip-credit rate, but below the minimum wage.

13.     In addition, Defendants maintained a policy and practice of unlawfully appropriating Plaintiff Escalante's and other tipped employees' tips and made unlawful deductions from Plaintiff Escalante's and other tipped employees' wages.

14.     Defendants' conduct extended beyond Plaintiff Escalante to all other similarly situated employees.

15.     At all times relevant to this Complaint, Defendants maintained a policy and practice of requiring Plaintiff Escalante and other employees to work in excess of forty (40) hours per week without providing the minimum wage and overtime compensation required by federal and state law and regulations.

16.     Plaintiff Escalante now brings this action on behalf of himself, and other similarly situated individuals, for unpaid minimum and overtime wages pursuant to the Fair Labor Standards Act of 1938, 29 U.S.C. § 201 *et seq*. ("FLSA"), and for violations of the N.Y. Labor Law §§ 190 *et*

*seq*. and 650 *et seq.* (the "NYLL"), and the "spread of hours" and overtime wage orders of the New York Commissioner of Labor codified at N.Y. COMP. CODES R. & REGS. tit. 12, § 146-1.6 (herein the "Spread of Hours Wage Order"), including applicable liquidated damages, interest, attorneys' fees and costs.

17.    Plaintiff Escalante seeks certification of this action as a collective action on behalf of himself, individually, and all other similarly situated employees and former employees of Defendants pursuant to 29 U.S.C. § 216(b).

## JURISDICTION AND VENUE

18.    This Court has subject matter jurisdiction under 28 U.S.C. § 1331 (federal question) and the FLSA, and supplemental jurisdiction over Plaintiff Escalante's state law claims under 28 U.S.C. § 1367(a).

19.     Venue is proper in this district under 28 U.S.C. § 1391(b) and (c) because all, or a substantial portion of, the events or omissions giving rise to the claims occurred in this district, Defendants maintain their corporate headquarters and offices within this district, and Defendants operate a Thai restaurant located in this district. Further, Plaintiff Escalante was employed by Defendants in this district.

## PARTIES

### *Plaintiff*

20.    Plaintiff Bernabe Abelino Escalante Lopez ("Plaintiff Escalante" or "Mr. Escalante") is an adult individual residing in Bronx County, New York.

21.    Plaintiff Escalante was employed by Defendants at Der Krung from approximately December 31, 2016 until on or about February 18, 2018.

22.     Plaintiff Escalante consents to being a party plaintiff pursuant to 29 U.S.C. § 216(b), and brings these claims based upon the allegations herein as a representative party of a prospective class of similarly situated individuals under 29 U.S.C. § 216(b).

*Defendants*

23.     At all relevant times, Defendants owned, operated, or controlled a Thai restaurant, located at 860 9th Avenue, New York, New York 10019 under the name "Der Krung".

24.     Upon information and belief, Boonnak Tone, Inc. (d/b/a Der Krung) is a domestic corporation organized and existing under the laws of the State of New York. Upon information and belief, it maintains its principal place of business at 860 9th Avenue, New York, New York 10019.

25.     Defendant Orathip Boonnak (a.k.a. Orathip Ranronsongkram) is an individual engaging (or who was engaged) in business in this judicial district during the relevant time period. Defendant Orathip Boonnak (a.k.a. Orathip Ranronsongkram) is sued individually in her capacity as owner, officer and/or agent of Defendant Corporation. Defendant Orathip Boonnak (a.k.a. Orathip Ranronsongkram) possesses operational control over Defendant Corporation, an ownership interest in Defendant Corporation, and controls significant functions of Defendant Corporation. She determines the wages and compensation of the employees of Defendants, including Plaintiff Escalante, establishes the schedules of the employees, maintains employee records, and has the authority to hire and fire employees.

## FACTUAL ALLEGATIONS

*Defendants Constitute Joint Employers*

26.     Defendants operate a Thai restaurant located in the Hell's Kitchen section of Manhattan in New York City.

27.     Individual Defendant, Orathip Boonnak (a.k.a. Orathip Ranronsongkram), possesses operational control over Defendant Corporation, possesses ownership interests in Defendant Corporation, and controls significant functions of Defendant Corporation.

28.     Defendants are associated and joint employers, act in the interest of each other with respect to employees, pay employees by the same method, and share control over the employees.

29.     Each Defendant possessed substantial control over Plaintiff Escalante's (and other similarly situated employees') working conditions, and over the policies and practices with respect to the employment and compensation of Plaintiff Escalante, and all similarly situated individuals, referred to herein.

30.     Defendants jointly employed Plaintiff Escalante (and all similarly situated employees) and are Plaintiff Escalante's (and all similarly situated employees') employers within the meaning of 29 U.S.C. 201 *et seq*. and the NYLL.

31.     In the alternative, Defendants constitute a single employer of Plaintiff Escalante and/or similarly situated individuals.

32.     Upon information and belief, Individual Defendant Orathip Boonnak (a.k.a. Orathip Ranronsongkram) operates Defendant Corporation as either an alter ego of herself and/or fail to operate Defendant Corporation as an entity legally separate and apart from herself, by among other things:

a) failing to adhere to the corporate formalities necessary to operate Defendant Corporation as a Corporation,

b) defectively forming or maintaining the corporate entity of Defendant Corporation, by, amongst other things, failing to hold annual meetings or maintaining appropriate corporate records,

c)  transferring assets and debts freely as between all Defendants,

d)  operating Defendant Corporation for her own benefit as the sole or majority shareholder,

e)  operating Defendant Corporation for her own benefit and maintaining control over this corporation as a closed Corporation,

f)  intermingling assets and debts of her own with Defendant Corporation,

g)  diminishing and/or transferring assets of Defendant Corporation to avoid full liability as necessary to protect her own interests, and

h)  Other actions evincing a failure to adhere to the corporate form.

33.    At all relevant times, Defendants were Plaintiff Escalante's employers within the meaning of the FLSA and New York Labor Law. Defendants had the power to hire and fire Plaintiff Escalante, controlled the terms and conditions of employment, and determined the rate and method of any compensation in exchange for Plaintiff Escalante's services.

34.    In each year from 2016 until 2018, Defendants, both separately and jointly, had a gross annual volume of sales of not less than $500,000 (exclusive of excise taxes at the retail level that are separately stated).

35.    In addition, upon information and belief, Defendants and/or their enterprise were directly engaged in interstate commerce. As an example, numerous items that were used in the restaurant on a daily basis are goods produced outside of the State of New York.

*Individual Plaintiff*

36.    Plaintiff Escalante is a former employee of Defendants who was employed as a dishwasher and a delivery worker. However, he spent over 20% of each shift performing the non-tipped duties described above.

37.    Plaintiff Escalante seeks to represent a class of similarly situated individuals under 29 U.S.C. 216(b).

*Plaintiff Bernabe Abelino Escalante Lopez*

38.    Plaintiff Escalante was employed by Defendants from approximately December 31, 2016 until on or about February 18, 2018.

39.    Defendants ostensibly employed Plaintiff Escalante as a dishwasher and a delivery worker.

40.    However, Plaintiff Escalante was also required to spend a significant portion of his work day performing the non-tipped duties described above.

41.    Although Plaintiff Escalante ostensibly was employed as a dishwasher and a delivery worker, he spent over 20% of each day performing non-tipped work throughout his employment with Defendants.

42.    Plaintiff Escalante regularly handled goods in interstate commerce, such as food and other supplies produced outside the State of New York.

43.    Plaintiff Escalante's work duties required neither discretion nor independent judgment.

44.    Throughout his employment with Defendants, Plaintiff Escalante regularly worked in excess of 40 hours per week.

45.    From approximately December 31, 2016 until on or about February 18, 2018, Plaintiff Escalante worked as a dishwasher and a delivery worker from approximately 11:30 a.m. until on or about 10:30 p.m., Tuesdays, Wednesdays, Thursdays, Saturdays and Sundays (typically 55 hours per week).

46.    Throughout his employment, Defendants paid Plaintiff Escalante his wages in cash.

47.     From approximately December 31, 2016 until on or about June 2017, Defendants paid Plaintiff Escalante a fixed salary of $80 per day.

48.     From approximately June 2017 until on or about January 2018, Defendants paid Plaintiff Escalante a fixed salary of $85 per day.

49.     From approximately January 2018 until on or about February 18, 2018, Defendants paid Plaintiff Escalante a fixed salary of $90 per day.

50.     Plaintiff Escalante's pay did not vary even when he was required to stay later or work a longer day than his usual schedule.

51.     For example, Defendants required Plaintiff Escalante to work an additional 15 to 30 minutes past his scheduled departure time regularly, and did not pay him for the additional time he worked.

52.     Plaintiff Escalante was never notified by Defendants that his tips were being included as an offset for wages.

53.     Defendants did not account for these tips in any daily or weekly accounting of Plaintiff Escalante's wages.

54.     Defendants withheld a portion of Plaintiff Escalante's tips; specifically, Defendants pocketed approximately 18% of credit card and Seamless tips and approximately 10% of cash tips.

55.     Although Defendants utilized a time tracking device to keep control of Plaintiff Escalante's hours, the system did not accurately reflect his actual hours worked because Plaintiff Escalante was only required to punch-in but not to punch out when he left every day.

56.     In addition, in order to get paid, Plaintiff Escalante was required to sign a document that stated a lesser number of hours than those he had not worked each week.

57.    No notification, either in the form of posted notices or other means, was ever given to Plaintiff Escalante regarding overtime and wages under the FLSA and NYLL.

58.    Defendants did not provide Plaintiff Escalante an accurate statement of wages, as required by NYLL 195(3).

59.    Defendants did not give any notice to Plaintiff Escalante, in English and in Spanish (Plaintiff Escalante's primary language), of his rate of pay, employer's regular pay day, and such other information as required by NYLL §195(1).

60.    Defendants required Plaintiff Escalante to purchase "tools of the trade" with his own funds—including a bicycle, a helmet, a chain and lock, and expenses for bicycle's maintenance and repair.

*Defendants' General Employment Practices*

61.    At all times relevant to this Complaint, Defendants maintained a policy and practice of requiring Plaintiff Escalante (and all similarly situated employees) to work in excess of 40 hours a week without paying him appropriate minimum wage, spread of hours pay, and overtime compensation as required by federal and state laws.

62.    Plaintiff Escalante was a victim of Defendants' common policy and practices which violate his rights under the FLSA and New York Labor Law by, *inter alia*, not paying him the wages he was owed for the hours he worked.

63.    Defendants' pay practices resulted in Plaintiff Escalante not receiving payment for all his hours worked, and resulting in Plaintiff Escalante's effective rate of pay falling below the required minimum wage rate.

64.    Defendants habitually required Plaintiff Escalante to work additional hours beyond his regular shifts but did not provide him with any additional compensation.

65.    Defendants required Plaintiff Escalante and all delivery workers to perform general non-tipped tasks in addition to their primary duties as delivery workers.

66.    Plaintiff Escalante and all similarly situated employees, ostensibly were employed as tipped employees by Defendants, although their actual duties included a significant amount of time spent performing non-tipped duties.

67.    Plaintiff Escalante and all other tipped workers were paid at a rate that was below minimum wage by Defendants.

68.    However, under state law, Defendants were not entitled to a tip credit because the tipped worker's and Plaintiff Escalante's non-tipped duties exceeded 20% of each workday (or 2 hours a day, whichever is less) (12 N.Y.C.R.R. § 146).

69.    New York State regulations provide that an employee cannot be classified as a tipped employee on any day in which he or she has been assigned to work in an occupation in which tips are not customarily received. (12 N.Y.C.R.R. §§137-3.3 and 137-3.4). Similarly, under federal regulation 29 C.F.R. §531.56(e), an employer may not take a tip credit for any employee time if that time is devoted to a non-tipped occupation.

70.    Plaintiff Escalante's duties were not incidental to his occupation as a tipped worker, but instead constituted entirely unrelated general restaurant work with duties, including the non-tipped duties described above.

71.    In violation of federal and state law as codified above, Defendants classified Plaintiff Escalante and other tipped workers as tipped employees, and paid them at a rate that was below minimum wage when they should have classified them as non-tipped employees and paid them at the minimum wage rate.

72.     Defendants failed to inform Plaintiff Escalante who received tips that Defendants intended to take a deduction against Plaintiff Escalante's earned wages for tip income, as required by the NYLL before any deduction may be taken.

73.     Defendants failed to inform Plaintiff Escalante who received tips, that his tips were being credited towards the payment of the minimum wage.

74.     Defendants failed to maintain a record of tips earned by Plaintiff Escalante who worked as a dishwasher and a delivery worker for the tips he received. As part of its regular business practice, Defendants intentionally, willfully, and repeatedly harmed Plaintiff Escalante who received tips, by engaging in a pattern, practice, and/or policy of violating the FLSA and the NYLL. This policy and pattern or practice included depriving delivery workers of a portion of the tips earned during the course of employment.

75.     Defendants unlawfully misappropriated charges purported to be gratuities received by tipped Plaintiffs, and other tipped employees, in violation of New York Labor Law § 196-d (2007).

76.     Under the FLSA and NYLL, in order to be eligible for a "tip credit," employers of tipped employees must either allow employees to keep all the tips that they receive, or forgo the tip credit and pay them the full hourly minimum wage.

77.     Defendants willfully disregarded and purposefully evaded recordkeeping requirements of the FLSA and NYLL by failing to maintain accurate and complete timesheets and payroll records.

78.     Defendants' time keeping system did not reflect the actual hours that Plaintiff Escalante worked.

79.     Defendants required Plaintiff Escalante to sign a document that reflected inaccurate or false hours worked.

80.     Plaintiff Escalante was paid his wages in cash.

81.     Defendants failed to post at the workplace, or otherwise provide to employees, the required postings or notices to employees regarding the applicable wage and hour requirements of the FLSA and NYLL.

82.     Upon information and belief, these practices by Defendants were done willfully to disguise the actual number of hours Plaintiff Escalante (and similarly situated individuals) worked, and to avoid paying Plaintiff Escalante properly for his full hours worked.

83.     Defendants engaged in their unlawful conduct pursuant to a corporate policy of minimizing labor costs and denying employees compensation by knowingly violating the FLSA and NYLL.

84.     Defendants' unlawful conduct was intentional, willful, in bad faith, and caused significant damages to Plaintiff Escalante and other similarly situated former workers.

85.     Defendants failed to provide Plaintiff  Escalante and other employees with accurate wage statements at the time of their payment of wages, containing: the dates of work covered by that payment of wages; name of employee; name of employer; address and phone number of employer; rate or rates of pay and basis thereof, whether paid by the hour, shift, day, week, salary, piece, commission, or other; gross wages; deductions; allowances, if any, claimed as part of the minimum wage; net wages; the regular hourly rate or rates of pay; the overtime rate or rates of pay; the number of regular hours worked; and the number of overtime hours worked, as required by NYLL §195(3).

86.     Defendants failed to provide Plaintiff Escalante and other employees, at the time of hiring and on or before February 1 of each subsequent year, a statement in English and the

employees' primary language, containing: the rate or rates of pay and basis thereof, whether paid by the hour, shift, day, week, salary, piece, commission, or other; allowances, if any, claimed as part of the minimum wage, including tip, meal, or lodging allowances; the regular pay day designated by the employer; the name of the employer; any "doing business as" names used by the employer; the physical address of the employer's main office or principal place of business, and a mailing address if different; and the telephone number of the employer, as required by New York Labor Law §195(1).

## FLSA COLLECTIVE ACTION CLAIMS

87.      Plaintiff Escalante brings his FLSA minimum wage, overtime compensation, and liquidated damages claims as a collective action pursuant to FLSA Section 16(b), 29 U.S.C. § 216(b), on behalf of all similarly situated persons (the "FLSA Class members"), i.e., persons who are or were employed by Defendants or any of them, on or after the date that is three years before the filing of the complaint in this case (the "FLSA Class Period").

88.      At all relevant times, Plaintiff Escalante and other members of the FLSA Class were similarly situated in that they had substantially similar job requirements and pay provisions, and have been subject to Defendants' common practices, policies, programs, procedures, protocols and plans including willfully failing and refusing to pay them the required minimum wage, overtime pay at a one and one-half their regular rates for work in excess of forty (40) hours per workweek under the FLSA, and willfully failing to keep records required by the FLSA.

89.      The claims of Plaintiff Escalante stated herein are similar to those of the other employees.

## FIRST CAUSE OF ACTION

### VIOLATION OF THE MINIMUM WAGE PROVISIONS OF THE FLSA

90.    Plaintiff Escalante repeats and realleges all paragraphs above as though fully set forth herein.

91.    At all times relevant to this action, Defendants were Plaintiff Escalante's employers within the meaning of the Fair Labor Standards Act, 29 U.S.C. § 203(d).  Defendants had the power to hire and fire Plaintiff Escalante (and the FLSA Class Members), controlled the terms and conditions of their employment, and determined the rate and method of any compensation in exchange for their employment.

92.    At all times relevant to this action, Defendants were engaged in commerce or in an industry or activity affecting commerce.

93.    Defendants constitute an enterprise within the meaning of the Fair Labor Standards Act, 29 U.S.C. § 203 (r-s).

94.    Defendants failed to pay Plaintiff Escalante (and the FLSA Class members) at the applicable minimum hourly rate, in violation of 29 U.S.C. § 206(a).

95.    Defendants' failure to pay Plaintiff Escalante (and the FLSA Class members) at the applicable minimum hourly rate was willful within the meaning of 29 U.S.C. § 255(a).

96.    Plaintiff Escalante (and the FLSA Class members) were damaged in an amount to be determined at trial.

## SECOND CAUSE OF ACTION

### VIOLATION OF THE OVERTIME PROVISIONS OF THE FLSA

97.    Plaintiff Escalante repeats and realleges all paragraphs above as though fully set forth herein.

98.    Defendants, in violation of 29 U.S.C. § 207(a)(1), failed to pay Plaintiff Escalante (and the FLSA Class members) overtime compensation at a rate of one and one-half times the regular rate of pay for each hour worked in excess of forty hours in a work week.

99.    Defendants' failure to pay Plaintiff Escalante (and the FLSA Class members), overtime compensation was willful within the meaning of 29 U.S.C. § 255(a).

100.    Plaintiff Escalante (and the FLSA Class members) were damaged in an amount to be determined at trial.

## THIRD CAUSE OF ACTION

### VIOLATION OF THE NEW YORK MINIMUM WAGE ACT

101.     Plaintiff Escalante repeats and realleges all paragraphs above as though fully set forth herein.

102.    At all times relevant to this action, Defendants were Plaintiff Escalante's employers within the meaning of the N.Y. Lab. Law §§ 2 and 651.  Defendants had the power to hire and fire Plaintiff Escalante, controlled the terms and conditions of his employment, and determined the rates and methods of any compensation in exchange for his employment.

103.    Defendants, in violation of NYLL § 652(1) and the supporting regulations of the New York State Department of Labor, paid Plaintiff Escalante less than the minimum wage.

104.    Defendants' failure to pay Plaintiff Escalante the minimum wage was willful within the meaning of N.Y. Lab. Law § 663.

105.    Plaintiff Escalante was damaged in an amount to be determined at trial.

## FOURTH CAUSE OF ACTION

### VIOLATION OF THE OVERTIME PROVISIONS

### OF THE NEW YORK STATE LABOR LAW

106.     Plaintiff Escalante repeats and realleges all paragraphs above as though fully set forth herein.

107.     Defendants, in violation of N.Y. Lab. Law § 190 *et seq*., and supporting regulations of the New York State Department of Labor, failed to pay Plaintiff Escalante overtime compensation at rates of one and one-half times the regular rate of pay for each hour worked in excess of forty hours in a work week.

108.     Defendants' failure to pay Plaintiff Escalante overtime compensation was willful within the meaning of N.Y. Lab. Law § 663.

109.     Plaintiff Escalante was damaged in an amount to be determined at trial.

## FIFTH CAUSE OF ACTION

### VIOLATION OF THE SPREAD OF HOURS WAGE ORDER

### OF THE NEW YORK COMMISSIONER OF LABOR

110.     Plaintiff Escalante repeats and realleges all paragraphs above as though fully set forth herein.

111.     Defendants failed to pay Plaintiff Escalante one additional hour's pay at the basic minimum wage rate before allowances for each day Plaintiff Escalante's spread of hours exceeded ten hours in violation of NYLL §§ 650 *et seq*. and 12 N.Y.C.R.R. §§ 146-1.6.

112.     Defendants' failure to pay Plaintiff Escalante an additional hour's pay for each day Plaintiff Escalante's spread of hours exceeded ten hours was willful within the meaning of NYLL § 663.

113.     Plaintiff Escalante was damaged in an amount to be determined at trial.

## SIXTH CAUSE OF ACTION

### VIOLATION OF THE NOTICE AND RECORDKEEPING

**REQUIREMENTS OF THE NEW YORK LABOR LAW**

114.    Plaintiff Escalante repeats and realleges all paragraphs above as though fully set forth herein.

115.    Defendants failed to provide Plaintiff Escalante with a written notice, in English and in Spanish (Plaintiff Escalante's primary language), containing: the rate or rates of pay and basis thereof, whether paid by the hour, shift, day, week, salary, piece, commission, or other; allowances, if any, claimed as part of the minimum wage, including tip, meal, or lodging allowances; the regular pay day designated by the employer; the name of the employer; any "doing business as" names used by the employer; the physical address of the employer's main office or principal place of business, and a mailing address if different; and the telephone number of the employer, as required by NYLL §195(1).

116.    Defendants are liable to Plaintiff Escalante in the amount of $5,000, together with costs and attorneys' fees.

**SEVENTH CAUSE OF ACTION**

**VIOLATION OF THE WAGE STATEMENT PROVISIONS**

**OF THE NEW YORK LABOR LAW**

117.    Plaintiff Escalante repeats and realleges all paragraphs above as though fully set forth herein.

118.    With each payment of wages, Defendants failed to provide Plaintiff Escalante with an accurate statement listing each of the following: the dates of work covered by that payment of wages; name of employee; name of employer; address and phone number of employer; rate or rates of pay and basis thereof, whether paid by the hour, shift, day, week, salary, piece, commission, or other; gross wages; deductions; allowances, if any, claimed as part of the minimum wage; net wages;

the regular hourly rate or rates of pay; the overtime rate or rates of pay; the number of regular hours worked; and the number of overtime hours worked, as required by NYLL 195(3).

119.     Defendants are liable to Plaintiff Escalante in the amount of $5,000, together with costs and attorneys' fees.

## EIGHTH CAUSE OF ACTION

## RECOVERY OF EQUIPMENT COSTS

120.      Plaintiff Escalante repeats and realleges all paragraphs above as though fully set forth herein.

121.      Defendants required Plaintiff Escalante to pay, without reimbursement, the costs and expenses for purchasing and maintaining equipment and "tools of the trade" required to perform his job, further reducing his wages in violation of the FLSA and NYLL.  29 U.S.C.  § 206(a); 29 C.F.R. § 531.35; N.Y. Lab. Law §§ 193 and 198-b.

122.     Plaintiff Escalante was damaged in an amount to be determined at trial.

## NINTH CAUSE OF ACTION

## UNLAWFUL DEDUCTIONS FROM TIPS IN VIOLATION

## OF THE NEW YORK LABOR LAW

123.      Plaintiff Escalante repeats and realleges all paragraphs above as though fully set forth herein.

124.     New York State Labor Law § 196-d prohibits any employer or his agents, including owners and managers, from demanding or accepting, directly or indirectly, any part of the gratuities received by an employee, or retaining any part of a gratuity, or any charge purported to be a gratuity, for an employee.

125.    Defendants unlawfully misappropriated a portion of Plaintiff Escalante's tips that were received from customers.

126.    Defendants knowingly and intentionally retained a portion of Plaintiff Escalante's tips in violations of the NYLL and supporting Department of Labor Regulations.

127.    Plaintiff Escalante was damaged in an amount to be determined at trial.

### PRAYER FOR RELIEF

WHEREFORE, Plaintiff Escalante respectfully requests that this Court enter judgment against Defendants by:

(a)    Designating this action as a collective action and authorizing prompt issuance of notice pursuant to 29 U.S.C. § 216(b) to all putative class members apprising them of the pendency of this action, and permitting them to promptly file consents to be Plaintiffs in the FLSA claims in this action;

(b)    Declaring that Defendants violated the minimum wage provisions of, and associated rules and regulations under, the FLSA as to Plaintiff Escalante and the FLSA Class members;

(c)    Declaring that Defendants violated the overtime wage provisions of, and associated rules and regulations under, the FLSA as to Plaintiff Escalante and the FLSA Class members;

(d)    Declaring that Defendants violated the recordkeeping requirements of, and associated rules and regulations under, the FLSA with respect to Plaintiff Escalante's and the FLSA Class members' compensation, hours, wages, and any deductions or credits taken against wages;

(e)    Declaring that Defendants' violations of the provisions of the FLSA were willful as to Plaintiff Escalante and the FLSA Class members;

(f)     Awarding Plaintiff Escalante and the FLSA Class members damages for the amount of unpaid minimum wage, overtime compensation, and damages for any improper deductions or credits taken against wages under the FLSA as applicable;

(g)     Awarding Plaintiff Escalante and the FLSA Class members liquidated damages in an amount equal to 100% of his damages for the amount of unpaid minimum wage and overtime compensation, and damages for any improper deductions or credits taken against wages under the FLSA as applicable pursuant to 29 U.S.C. § 216(b);

(h)     Declaring that Defendants violated the minimum wage provisions of, and rules and orders promulgated under, the NYLL as to Plaintiff Escalante;

(i)     Declaring that Defendants violated the overtime wage provisions of, and rules and orders promulgated under, the NYLL as to Plaintiff Escalante;

(j)     Declaring that Defendants violated the spread-of-hours requirements of the NYLL and supporting regulations as to Plaintiff Escalante;

(k)     Declaring that Defendants violated the notice and recordkeeping requirements of the NYLL with respect to Plaintiff Escalante's compensation, hours, wages and any deductions or credits taken against wages;

(l)     Declaring that Defendants' violations of the New York Labor Law were willful as to Plaintiff Escalante;

(m)     Awarding Plaintiff Escalante damages for the amount of unpaid minimum wage and overtime compensation, and for any improper deductions or credits taken against wages, as well as awarding spread of hours pay under the NYLL as applicable

(n)     Awarding Plaintiff Escalante damages for Defendants' violation of the NYLL notice and recordkeeping provisions, pursuant to NYLL §§198(1-b), 198(1-d);

(o)    Awarding Plaintiff Escalante liquidated damages in an amount equal to one hundred percent (100%) of the total amount of minimum wage, overtime compensation, and spread of hours pay shown to be owed pursuant to NYLL § 663 as applicable; and liquidated damages pursuant to NYLL § 198(3);

(p)    Awarding Plaintiff Escalante and the FLSA Class members pre-judgment and post-judgment interest as applicable;

(q)    Awarding Plaintiff Escalante and the FLSA Class members the expenses incurred in this action, including costs and attorneys' fees;

(r)    Providing that if any amounts remain unpaid upon the expiration of ninety days following issuance of judgment, or ninety days after expiration of the time to appeal and no appeal is then pending, whichever is later, the total amount of judgment shall automatically increase by fifteen percent, as required by NYLL § 198(4); and

(s)    All such other and further relief as the Court deems just and proper.

## **JURY DEMAND**

Plaintiff Escalante demands a trial by jury on all issues triable by a jury.

Dated: New York, New York
February 26, 2018

MICHAEL FAILLACE & ASSOCIATES, P.C.

By:    _____/s/ Michael Faillace_____
Michael Faillace [MF-8436]
60 East 42nd Street, Suite 4510
New York, New York 10165
Telephone: (212) 317-1200
Facsimile: (212) 317-1620
*Attorneys for Plaintiff*

# Michael Faillace & Associates, P.C.
## Employment and Litigation Attorneys

60 E 42nd Street, Suite 4510                                     Telephone: (212) 317-1200
New York, New York 10165                                        Facsimile: (212) 317-1620
————

Faillace@employmentcompliance.com

February 20, 2018

BY HAND

TO:    Clerk of Court,

I hereby consent to join this lawsuit as a party plaintiff.
**(Yo, por medio de este documento, doy mi consentimiento para formar parte de la demanda como uno de los demandantes.)**

Name / Nombre:                            **Bernabe Abelino Escalante Lopez**

                                          Michael Faillace & Associates, P.C._____

Legal Representative / Abogado:

Signature / Firma:

Date / Fecha:                            _____20 de febrero de 2018_____

*Certified as a minority-owned business in the State of New York*